UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SF GREEN CLEAN LLC, et al., <br> Plaintiffs, <br> v. <br> THE PRESIDIO TRUST, et al., <br> Defendants. | Case No. 14-cv-04615-JSW <br><br> **ORDER RESOLVING MOTION TO DISMISS; ORDER TO PLAINTIFFS TO SHOW CAUSE; AND SETTING CASE MANAGEMENT CONFERENCE** <br><br> Re: Docket No. 23 |

Now before the Court is the motion to dismiss filed by Defendant, the Presidio Trust. The Court has carefully reviewed the parties' papers, relevant legal authority, and the record in this case, and it finds the motion suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). The Court VACATES the hearing scheduled for November 13, 2015, and it hereby GRANTS, IN PART, AND DENIES, IN PART, the Presidio Trust's motion to dismiss.

**BACKGROUND**

On May 15, 2006, the Presidio Trust, as landlord, and Hermes Investment Group, Inc. ("Hermes"), as tenant, executed a lease for a property located at 222 Halleck Street, Building 222, in the Presidio of San Francisco, San Francisco, California ("the Premises"). (First Amended Complaint ("FAC") ¶ 11; *see also* Declaration of Melanie Proctor ("Proctor Decl."), ¶ 2, Ex. 1 at pp. 1-55 ("Lease").)[1]

On January 4, 2010, the Presidio Trust, Hermes, and Plaintiff SF Green Clean, LLC ("SF Green Clean"), as a new tenant, amended the Lease. (FAC ¶ 12; *see also* Proctor Decl., Ex. 1 at pp. 56-58 ("First Amendment").) The First Amendment, effective June 22, 2007, incorporated the

---

[1] These page numbers refer to the numbers in the lower right hand corner of Exhibit 1.

terms and conditions of the original Lease, and specifically provided that SF Green Clean was added as a tenant, as if it had executed the original Lease "and had signed the Lease in every instance that the Lease was signed by" Hermes. (First Amendment, §§ 1, 2.02.)

SF Green Clean alleges that the Lease permitted Hermes to use the Premises "to provide laundry and ancillary services," and it alleges that it has operated an environmentally safe wet cleaning plant and a retail storefront on the Premises since June 22, 2007. (FAC ¶¶ 11-12.) At various times since then, electricity services to the Premises failed for lengthy periods of time and caused "major disruptions and massive failures of integral equipment to" SF Green Clean's business operations. (*Id.* ¶ 13.)

SF Green Clean also alleges that, on or about July 16, 2009, the Presidio Trust, CalTrans, and San Francisco County Transportation Authority ("SFCTA") finalized a "long anticipated written agreement for the construction of the Doyle Drive Replacement Project" ("the Project"). (*Id.* ¶ 14.) That agreement gave CalTrans and SFCTA easements over the right to enter lands administered by the Presidio Trust in order to construct the south access to the Golden Gate Bridge for the Project. (*Id.*) SF Green Clean alleges that the Presidio Trust did not inform it of the Project when the parties re-negotiated the Lease in 2010. (*Id.* ¶ 16.) Beginning in or about late 2011, construction for the Project caused several disruptions to SF Green Clean's business operations, including: (1) closure of the street on which the Premises is located, which discouraged or prevented customer traffic; (2) blocked access to customer parking in front of the Premises due to large construction trucks and heavy equipment; (3) loud noises and massive vibrations; and (4) dust. (*Id.* ¶ 17.)

According to Plaintiffs, beginning in or about late 2011, and continuing through May 2013, SF Green Clean's managing member, Plaintiff William Alber ("Mr. Alber"), repeatedly complained to Presidio Trust executives, including Defendant Francene Gonek ("Ms. Gonek"), that Project construction caused substantial disruptions to SF Green Clean's business operations. (*Id.* ¶ 18.) Mr. Alber requested that Presidio Trust executives, including Ms. Gonek, "abate or mitigate the disruptions, and [] compensate SF Green Clean for its loss, directly related to the [Project], as it had done with other tenants." (*Id.*)

Plaintiffs allege that Ms. Gonek advised Mr. Alber that the Presidio Trust could not directly abate or mitigate the disruptions, but she "could and would" renew the term of SF Green Clean's Lease "on terms sufficiently favorable to reasonably compensate SF Green Clean" for the Project disruptions. (*Id.*, ¶ 19.) In detrimental reliance on Ms. Gonek's representations, SF Green Clean alleges that it "continued to endure the disruption to its business caused by the [Project] without seeking further compensation." (*Id.* ¶ 20.) In mid-2013, Ms. Gonek told Mr. Alber that the Presidio Trust would not renew SF Green Clean's Lease. (*Id.* ¶ 21.) The term of the Lease expired on July 1, 2013.

Plaintiffs assert three claims for relief solely against the Presidio Trust: (1) breach of the covenant of quiet enjoyment (the "quiet enjoyment claim"); (2) breach of contract; and (3) private nuisance. Plaintiffs assert two claims for relief solely against Ms. Gonek: (1) retaliation for the exercise of First Amendment rights of speech and to petition the government for redress of grievances; and (2) fraud in the inducement. Plaintiffs also assert a claim for negligence against both the Presidio Trust and Ms. Gonek.

The Court shall address specific additional facts in the remainder of this Order.

## ANALYSIS

**A.  Applicable Legal Standards.**

**1.  Federal Rule of Civil Procedure 12(b)(1).**

The Presidio Trust moves to dismiss the second, fourth and sixth claims for relief for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1). When a defendant moves to dismiss a complaint or claim for lack of subject matter jurisdiction, the plaintiff bears the burden of proving that the court has jurisdiction to decide the claim. *Thornhill Publ'n Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may be "facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A facial attack on the jurisdiction occurs when factual allegations of the complaint are taken as true. *Federation of African Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir. 1996). The plaintiff is then entitled to have those facts construed in the light most favorable to him or her. *Id.*

1 A factual attack on subject matter jurisdiction occurs when defendants challenge the actual lack of jurisdiction with affidavits or other evidence. *Thornhill*, 594 F.2d at 733. In a factual attack, plaintiff is not entitled to any presumptions or truthfulness with respect to the allegations in the complaint, and instead must present evidence to establish subject matter jurisdiction. *Id.*

### 2. Federal Rule of Civil Procedure 12(b)(6).

The Presidio Trust moves to dismiss the first, third and fifth claims for relief for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6). A motion to dismiss is proper under Rule 12(b)(6) where the complaint fails to state a claim upon which relief can be granted. The Court's "inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." *Lazy Y Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). Even under the liberal pleadings standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a claim for relief will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). If the allegations are insufficient to state a claim, a court should grant leave to amend, unless amendment would be futile. *See, e.g. Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).

### B. The Court Dismisses the Breach of Quiet Enjoyment and Private Nuisance Claims.

The Presidio Trust argues that Plaintiffs' claims for breach of quiet enjoyment and private nuisance are untimely administrative tort claims.[2] "A tort claim against the United States shall be

---

[2] Plaintiffs refer to the quiet enjoyment claim as a tort claim. (FAC ¶ 27.) To the extent Plaintiffs seek to frame it as a breach of contract claim, the facts alleged are insufficient to state a

4

forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing … of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b). The continuing tort doctrine provides that the statute of limitations does not begin to run when a tort involves continuing wrongful conduct, until that conduct ends. *Flowers v. Carville*, 310 F.3d 1118, 1126 (9th Cir. 2002) (citing *Page v. United States*, 729 F.2d 818, 821 (D.C. Cir. 1984)). The continuing tort doctrine is "applicable to constitutional as well as statutory violations." *Cato v. United States*, 70 F.3d 1103, 1108-09 (9th Cir. 1995). The doctrine applies where there is "no single incident" that can "fairly or realistically be identified as the cause of significant harm." *Flowers*, 310 F.3d at 1126.

The Court previously dismissed the quiet enjoyment and private nuisance claims on the basis that the Project was the "single incident" that could be fairly and realistically identified as the cause of significant harm that led Plaintiffs' claims for relief. Plaintiffs now allege that "[t]he [Project] was not a single event but a series of events that were ongoing and continuous at all times relevant to this complaint." (FAC ¶ 27; *see also id.* ¶ 52.) Those allegations are no more than legal conclusions couched as fact, and the Court is not required to accept them as true. *See Iqbal*, 556 U.S. at 678. The Court concludes that Plaintiffs have failed to allege sufficient facts to show that the continuing tort doctrine applies, and the claims are time barred.

The Court granted Plaintiffs the opportunity to amend their complaint to include facts that would demonstrate that the continuing tort doctrine would apply. Plaintiffs failed to do so, and the Court concludes it would be futile to grant them a further opportunity to amend.

Accordingly, the Court GRANTS the motion to dismiss the breach of quiet enjoyment and private nuisance claims, with prejudice.

**C. The Court Dismisses the Fraud in the Inducement Claim.**

The Presidio Trust moves to substitute the United States as defendant on the fraud in the inducement claim and moves to dismiss on the basis that it has not waived sovereign immunity.

---

claim based on an alleged breach of Article 34(D) of the Lease, which provides for "quiet enjoyment."

5

Plaintiffs purport to name Ms. Gonek as an individual. In response, the Presidio Trust has certified, pursuant to 28 U.S.C. section 2679(d), that Ms. Gonek was "acting within the scope of her employment with the Presidio Trust at all times material to the alleged incidents described in the Complaint." (Docket No. 23-2, Certification by Alex G. Tse, ¶ 2.). This certification is "*prima facie* evidence that" Ms. Gonek was acting within the scope of her employment. *Pauly v. United States Dept. of Agriculture*, 348 F.3d 1143, 1151 (9th Cir. 2003). Plaintiffs do not proffer any facts to rebut the Certification. Therefore, they have failed to meet their burden to show that Ms. Gonek was not acting in her official capacity, and the Court grants the Presidio Trust's motion to be substituted the United States as defendant on this claim. *See, e.g., Ponds v. Veterans Medical Research Foundation*, No. 12-CV-1745 BEN (BGS), 2013 WL 607847, at *2-4 (S.D. Cal. Feb. 15, 2013) (granting motion to substitute and subsequently dismissing claim based on misrepresentation).

As the Court stated in its previous Order, and as Plaintiffs' concede, "claims against the United States for fraud or misrepresentation by a federal officer are absolutely barred." *Owyhee Grazing Ass'n, Inc. v. Field*, 637 F.2d 694, 697 (9th Cir. 1981) (citing *Moon v. Takisaki*, 501 F.2d 389, 390 (9th Cir. 1974)); 28 U.S.C. § 2680(h).

Accordingly, the Court GRANTS the Presidio Trust's motion to dismiss the claim for fraudulent inducement, with prejudice.

**D.    The Court Dismisses the Negligence Claim.**

The Court previously dismissed the negligence claim as untimely, because it could not determine if the continuing tort doctrine applied. (Docket No. 21, Order Granting Motion to Dismiss at 7:25-8:21.) Plaintiffs have now clarified that the Presidio Trust owed them a duty "to (1) not breach the covenant of quiet enjoyment; and (2) [to] not commit a private nuisance against Plaintiffs." (FAC ¶ 56; *see also id.* ¶ 58.) Thus, the negligence claim arises out of the same facts that support the breach of quiet enjoyment and private nuisance claims. However, Plaintiffs have failed to allege facts to show the continuing tort doctrine applies, and, for the reasons set forth in Section B, *supra*, the Court dismisses the negligence claim against the Presidio Trust as time barred.

Plaintiffs' negligence claim, as asserted against Ms. Gonek, appears to be based on a theory of negligent misrepresentation. However, in light of the certification filed, the Court substitutes the United States as defendant and dismisses the claim as barred by Section 2680(h). *See Pauly*, 348 F.3d at 1151 (claims for negligent misrepresentation fall within the scope of 2680(h)).

Accordingly, the Court GRANTS the Presidio Trust's motion to dismiss the negligence claim, with prejudice.

**E.     The Court Denies the Motion to Dismiss the Breach of Contract Claim.**

Plaintiffs allege that the Presidio Trust breached the Lease by failing to provide electrical services, which caused a number of disruptions to their business. (FAC ¶¶ 37-38; *see also* Lease, Article 7(C)(i) (providing that the Presidio Trust is to provide electricity), Article 10(C) (providing that the Presidio Trust "shall maintain in reasonable working order and condition … structural elements of the Building, and the Building systems located outside of the Premises").)

In order to state a claim for breach of contract, Plaintiffs must allege: (1) the existence of a contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) resulting damages to plaintiff. *Reichert v. General Insurance Co.*, 68 Cal. 2d 822, 830 (1969). The Presidio Trust argues that Plaintiffs have not alleged facts to show a breach, because they have waived this type of claim. In support of this argument, the Presidio Trust relies on Article 7(A), which provides, in part, that:

> Landlord shall not be liable in damages, consequential or otherwise, nor shall there be any rent abatement, arising out of any interruption whatsoever in Utilities Services … due to Force Majeure, or any interruption in services which occurs as a result of the making of alterations, repairs or improvements to the Premises or the Presidio or any part of it.

According to the terms of the Lease, the term "force majeure" means "fire, or other casualty, strikes, lockouts or other labor disturbances, power shortages or outages, embargo, extraordinary unavailability of materials or supplies, act of terrorism, riot or war." (Lease, Article 35.) Plaintiffs' theory is that the Presidio Trust failed to maintain the electrical transformer in working order, which caused the electrical failures that disrupted their business. On this record,

7

the Court cannot find that the breach of contract claim would be barred by the terms of Article 7(A).

Accordingly, the Court DENIES the Presidio Trust's motion to dismiss the breach of contract claim.

**F.     The Retaliation Claim and Order to Show Cause.**

Plaintiffs assert a retaliation claim for alleged violations of their First Amendment rights to free speech and to petition the government for redress. Although the Presidio Trust moves to dismiss this claim, it is asserted solely against Ms. Gonek, pursuant to *Bivens v. Six Unknown Federal Agents*, 403 U.S. 388 (1971). Unlike the claims for fraudulent inducement and negligence, the Presidio Trust has not argued that the United States should be substituted in as a defendant.

Because Ms. Gonek has not yet appeared, and because it is not clear that she has ever been served, the Court DENIES the motion to dismiss this claim. This ruling is without prejudice to Ms. Gonek renewing those arguments, if and when she is served, and pending the Court's ruling on the following order to show cause.

**G.     Order to Show Cause.**

Plaintiffs filed the FAC on May 18, 2015. Pursuant to Federal Rule of Civil Procedure 4(m), Plaintiffs were required to serve Ms. Gonek by September 15, 2015. Plaintiffs have not filed a proof of service, and, as noted, Ms. Gonek has not appeared. Accordingly, Plaintiffs are HEREBY ORDERED TO SHOW CAUSE why the Court should not dismiss the retaliation claim for failure to serve Ms. Gonek.

If Plaintiffs have not yet served Ms. Gonek, the Court notes that it has serious doubts about the viability of Plaintiffs' retaliation claim. Assuming for the sake of argument that a *Bivens* claim would be appropriate, it is undisputed that the Lease terminated on July 1, 2013. Thus, on its face, the claim appears to be barred by the statute of limitations. *See, e.g., Western Center for Journalism v. Cederquist*, 235 F.3d 1153, 1156 (9th Cir. 2000) ("A *Bivens* claim accrues when the plaintiff knows or has reason to know of the injury.")

In addition, Plaintiffs FAC does not contain facts that suggest they engaged in the type of

"constitutionally protected activity" that would give rise to a First Amendment retaliation claim. *See, e.g., California Motor Transportation Co. v. Trucking Unlimited*, 404 U.S. 508, 510 (1972); *Mendocino County Environmental Center v. Mendocino County*, 192 F.3d 1283, 1300-01 (9th Cir. 1999). Therefore, if Plaintiffs choose to pursue the retaliation claim, the Court admonishes them to be mindful of their obligations under Federal Rule of Civil Procedure 11.

Plaintiffs' response to the Order to Show Cause shall be due by no later than November 16, 2015. Unless the Court orders otherwise, there shall be no reply required.

## CONCLUSION

For the foregoing reasons, the Court GRANTS, IN PART, AND DENIES, IN PART, the Presidio Trust's motion to dismiss.

The parties shall appear for a case management conference on Friday, January 22, 2015, at 11:00 a.m. The parties' joint case management statement shall be due on January 15, 2015.

**IT IS SO ORDERED.**

Dated: November 9, 2015

_____
JEFFREY S. WHITE
United States District Judge